UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA G. BRYANT,

      Plaintiff,                                       Case No. 3:15-cv-354

vs.

COMMISSIONER OF                     District Judge Walter H. Rice
SOCIAL SECURITY,                    Magistrate Judge Michael J. Newman

      Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; (3) PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND BE DENIED; AND (4) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 7), and the record as a whole.[2]

I.

**A. Procedural History**

Plaintiff filed an application for SSI on May 13, 2013 claiming disability as a result of a number of impairments including, *inter alia*, degenerative disc disease of the lumbar spine and borderline intellectual functioning. PageID 75, 81.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory Kenyon on May 5, 2014.  PageID 75.  The ALJ issued a written decision on July 15, 2014 finding Plaintiff not disabled.  PageID 75-85.  Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since May 13, 2013, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, and borderline intellectual functioning (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant retains the residual functional capacity ["RFC"] to perform sedentary level work[3] subject to the following limitations: (1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no exposure to hazards such as unprotected heights or dangerous machinery; (4) standing or walking for no more than 20 minutes at a time; (5) sitting for no more than 30 minutes at one time followed by a one to two minute period during which she would be permitted to stand and stretch; (6) no concentrated exposure to vibrations; (7) limited to performing unskilled, simple, repetitive tasks; (8) occasional brief superficial contact with co-workers, supervisors, and the public; (9) no fast paced production work or strict production quotas; and (10) limited to jobs in a relatively static work environment in which there is very little, if any, change in the job duties or the work routine from one day to the next.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1984 and was 29 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 416.967.  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id.* § 416.987(a).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is 'not disabled,' whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 13, 2013, the date the application was filed (20 CFR 416.920(g)).

PageID 77-84.

Thereafter, the Appeals Council denied review on August 6, 2015, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 59-64. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

  B.  **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 78-80. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 8 at PageID 342-46. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to Plaintiff's summary. Doc. 10 at PageID 362 (citing PageID 78-83). Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

                  II.

  A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's

3

non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

B.    **"Disability Defined"**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred by failing to: (1) sufficiently develop the record as to her RFC; (2) fully consider the only material treating source opinion of record; (3) properly evaluate her credibility and allegations of disabling pain; and (4) she met or equaled the elements of Listing § 12.05(C). Doc. 8 at PageID 341. Further, Plaintiff argues that new and material evidence -- specifically, her January 2014 MRI results -- require a remand pursuant to Sentence Six of 42 U.S.C. § 405(g). *Id.* Finding error with regard to Plaintiff's first alleged error, and remand appropriate under Sentence Four, the undersigned does not address the merits of Plaintiff's three remaining contentions and finds her request for a Sentence Six remand moot.

5

The ALJ has the responsibility to develop the administrative record, *see* 20 C.F.R. §§ 416.912(d), (e) and 416.945(a)(3), even though Plaintiff bears the ultimate burden of proof as to the existence and severity of the limitations caused by her impairments. *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 545 (6th Cir. 2007). Although the ALJ has discretion whether to order a consultative examination, or call a Medical Expert at the hearing, the ALJ's RFC finding must have the support of "substantial evidence" in the administrative record. *Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 877 (6th Cir. 2007).

Plaintiff argues that the ALJ erred in not taking Medical Expert testimony on a sufficiently developed record as to Plaintiff's RFC and therefore did not adequately support his RFC determination. Doc. 8 at PageID 351. The Court agrees. The undersigned concludes that the ALJ's RFC determination is unsupported by substantial evidence because the administrative record -- upon which the ALJ relied to base his RFC -- lacked a current medical opinion concerning Plaintiff's work-related limitations. *See Deskin v. Comm'r of Soc. Sec.,* 605 F.Supp.2d 908 (N.D. Ohio 2008).

In assessing a Plaintiff's RFC, an ALJ must consider all relevant evidence, including medical source opinions. *See* 20 C.F.R. §§ 416.927(d) and 416.945(a). Generally:

> where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a [M]edical [E]xpert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows 'relatively little physical impairment' and an ALJ can render a commonsense judgment about functional capacity.

*Deskin,* 605 F.Supp.2d at 912 (internal quotation omitted). Such general rule "applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective

6

medical evidence." *Kizys v. Comm'r of Soc. Sec.,* 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011).

Here, the ALJ did not do enough. The "key inquiry" is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Williams v. Astrue,* 1:11-CV-2569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012). In this instance, the ALJ reviewed treatment notes and recommendations from David K Magnusen, M.D., Plaintiff's treating physician at Dayton Spine and Rehabilitation Medicine; treatment notes and recommendations by Plaintiff's examining psychologist, Giovanni M. Bonds, Ph.D.; and treatment notes from Plaintiff's treating physician, Martin Schear, M.D. PageID 81-83. However, the ALJ did not have an opinion from any physician who had the opportunity to review Plaintiff's January 2014 MRI, which showed degenerative disc disease and facet arthropathy[4] at three different lumbar levels. PageID 82, 331. Instead, the ALJ impermissibly relied on his own interpretation of those MRI results when formulating Plaintiff's RFC. PageID 81; *see Isaacs v. Comm'r of Soc. Sec.,* No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms") (quoting *Deskin,* 605 F.Supp.2d at 912).

Where, as here, an ALJ determines a plaintiff's RFC without a medical opinion based upon the entirety of the medical evidence of record, the Court cannot find substantial evidence exists to support the ALJ's determination. *See Isaacs,* 2009 WL 3672060 at *10. Accordingly, the case must be reversed and remanded under Sentence Four.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. Generally,

---

[4] "[F]acet arthropathy is degenerative arthritis affecting the facet joints in the spine." *Durham v. Comm'r of Soc. Sec.*, No. 12-CV-14039, 2013 WL 5676282, at *4 (E.D. Mich. Oct. 18, 2013) (citation omitted).

benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming.  Accordingly, a Sentence Four remand for further proceedings is necessary so the ALJ can hold another administrative hearing and reasonably weigh the opinion evidence, including treater Schear's opinion regarding Plaintiff's January 2014 MRI; review Plaintiff's credibility and allegations of disabling pain; and determine Plaintiff's RFC and disability status anew.  *See* PageID 336-40.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**: (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; (3) Plaintiff's request for a Sentence Sixth remand be **DENIED AS MOOT**; and (4) this case be **CLOSED**.

Date:   February 7, 2017                              s/ Michael J. Newman
                                                                      Michael J. Newman
                                                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).